Faizah Nailah **DEAN**, Plaintiff-Appellant,

v.

**SOUTHERN CALIFORNIA EDISON;** International Brotherhood of Electrical Workers 47, a Unincorporated Association, Defendants-Appellees.

No. 15-55314

United States Court of Appeals, Ninth Circuit.

Submitted January 18, 2017 *

Filed JANUARY 30, 2017

Faizah Nailah Dean, Pro Se

Tanya Avila Guzman, Esquire, Southern California Edison Company, Legal Division, Rosemead, CA, for Defendant-Appellee Southern California Edison Co.

Jonathan Michael Cohen, Attorney, Rothner, Segall & Greenstone, Pasadena, CA, for Defendant-Appellee International Brotherhood of Electrical Workers

Before: TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Faizah Nailah Dean appeals pro se from the district court's order rejecting Dean's fourth post-judgment motion for relief from the district court's order granting summary judgment. We have jurisdiction

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's decision to deny a Fed. R. Civ. P. 60(b) motion. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004). We affirm.

The district court did not abuse its discretion in rejecting Dean's Rule 60(b) motion where Dean failed to file it "within a reasonable time". Fed. R. Civ. P. 60 (c); *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (setting forth factors to determine whether a Fed. R. Civ. P. 60(b)(1)-(3) motion has been filed within a "reasonable time"; where the time for a direct appeal has passed, "the interest in finality must be given great weight").

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.